# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3588 | **DATE** | 6-15-2012 |
| **CASE TITLE** | Troy Johnson (#2012-0506081) v. Cook County Jail | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* [3] is denied without prejudice. Plaintiff is directed either (1) to prepay the $350 filing fee or (2) to submit a renewed *in forma pauperis* petition that is certified by a trust fund officer and that attaches copies of his prison trust fund ledgers showing his income for the six months preceding the filing of this lawsuit (from 11/30/2011 through 5/30/2012). In addition, Plaintiff is ordered to show cause in writing why this case should not be dismissed for failure to exhaust his administrative remedies prior to filing suit. Failure to comply with these requirements by 7/16/2012 will result in denial of leave to proceed *in forma pauperis* and the dismissal of this case. The Clerk shall provide Plaintiff with a blank *in forma pauperis* application and a copy of this order, and shall forward a copy of this order to the trust fund officer at the Cook County Jail. Plaintiff is reminded that he must provide the Court with the original plus a judge's copy of every document filed.

■[**For further details see text below.**]    Docketing to mail notices.

## STATEMENT

Plaintiff filed this 28 U.S.C. § 1983 case alleging that Defendant Cook County Jail subjected him to unconstitutional conditions of confinement from May 6, 2012 to May 9, 2012. Plaintiff has failed either to pay the $350.00 filing fee or file a complete application to proceed *in forma pauperis*. His application to proceed *in forma pauperis* therefore is denied without prejudice.

An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his prison or jail trust fund account. The court has confirmed that the certification attached to Plaintiff's *in forma pauperis* application was not prepared and executed by an authorized officer of the Cook County Jail. Plaintiff is reminded that the certification must be properly completed and executed by an authorized officer of his correctional institution, not by another inmate.

To enable the court to make the necessary assessment of an initial partial filing fee, the prisoner also must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff's *in forma pauperis* application is not properly certified by an authorized jail official, and Plaintiff has failed to include copies of his prison trust fund ledgers from the past six months.

So, if Plaintiff wants to proceed with this lawsuit, he must either (1) prepay the $350 filing fee or (2) submit a renewed *in forma pauperis* petition that is properly certified by an authorized jail official and that attaches copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit (from November 30, 2011, through May 30, 2012). Failure to comply with this requirement by July 16, 2012, will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980). If Plaintiff submits another incomplete or improperly certified *in forma pauperis* application, this case will be summarily dismissed pursuant to *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

AWL

| STATEMENT (continued) |
|---|

    Additionally, exhaustion of administrative remedies is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and regardless of whether they allege Eighth Amendment violations based on use of excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court must dismiss a suit brought with respect to prison conditions if the court determines that Plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

    A prisoner must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies after suit has been filed is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37. While failure to exhaust is normally an affirmative defense, where as here it appears on the face of the complaint the plaintiff could not have exhausted his administrative remedies prior to filing suit, the suit may be dismissed. Plaintiff affirmatively pleads that he was subjected to unconstitutional conditions at the Cook County Jail from May 6, 2012, to May 9, 2012. It would appear from the face of the complaint that he could not have exhausted the administrative remedies available to him at the Cook County Jail prior to filing suit on May 10, 2012. Rather than dismiss the suit now, the court will provide Plaintiff an opportunity to establish exhaustion. Plaintiff shall show cause in writing by July 16, 2012, why this case should not be dismissed for failure to exhaust his administrative remedies prior to filing suit. Failure to exhaust will result in this case being dismissed without prejudice to Plaintiff filing a new case once he has exhausted.